NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDELL ALBERT HOPKINS, : Civil Action No. 17-6626 (JMV/JBC)

Plaintiff,

v. : **OPINION**

WARDEN DANIEL PAMARO, *et al.*,

Defendants.

**VAZQUEZ, District Judge:**

## I. INTRODUCTION

Plaintiff Randell Albert Hopkins ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Court previously granted Plaintiff leave to proceed *in forma pauperis* and ordered the Clerk to file the Complaint. (ECF No. 2.)

At this time, the Court must review Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, because it fails to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

## II. BACKGROUND

Plaintiff is confined at Richard J. Donovan Correctional Facility in San Diego, California. The factual allegations in his Complaint consist of a series of run-on sentences which are difficult to understand. (*See*, *e.g.*, ECF No. 1 at PageID: 6.) The caption of Plaintiff's Complaint

identifies the following Defendants: (1) Warden Daniel Pamaro; (2) Community Hospital Disabilities Criticism Contents; and (3) Criticism Hospital Disorders Criticism Contents Account Payable. (*Id.* at Page ID: 1.) Plaintiff alleges that Defendants "facilitated white collar fraud crimes and felony [sic] fraud schemes" with his personal information (*id.* at Page ID: 1.), which represents the only clear allegation within the Complaint, and the Court construes this allegation as true for purposes of this Opinion.

## III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). Thus, to survive the Court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Pro se* pleadings are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).).

## IV. ANALYSIS

Plaintiff apparently brings his claims pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The series of rambling and largely confusing allegations set forth in Plaintiff's Complaint do not support a cause of action under this statute. There are no plausible facts alleged in the Complaint which substantiate Plaintiff's bare assertion that Defendants used his personal information to "facilitate[] white collar fraud crimes and felony [sic] fraud schemes[.]" (ECF No. 1 at PageID: 4.) Even if Plaintiff's Complaint did contain factual content that would allow the Court to reasonably infer that Defendants are liable for that alleged misconduct – and he has not – there is nothing in the Complaint which suggests that these actions were done "under color of state law." Plaintiff likewise fails to identify any specific right secured by the Constitution or laws of the United States that was violated. The Court will therefore

dismiss without prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice. Although the Court has real concerns that any amended pleading would be futile, Plaintiff shall nevertheless be given the opportunity to file a proposed amended complaint, should he elect to do so, that shall also be subject to screening.[1] An appropriate Order accompanies this Opinion.

Date: September 24, 2018
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, *supra*, at § 1476.